IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2014

## STATE OF TENNESSEE  v. TAVARUUS MONTREL MOSS

**Appeal from the Criminal Court for Hamilton County**
**No. 278888      Rebecca J. Stern, Judge**

**No. E2013-01825-CCA-R3-CD - Filed February 10, 2014**

Charged by the Hamilton County Criminal Court grand jury with aggravated robbery, the defendant, Tavaruus Montrel Moss, pleaded guilty to facilitation of aggravated robbery and agreed to a three-year sentence of split confinement consisting of 11 months and 29 days in jail with credit for time served and the balance of the sentence to be served on supervised probation. The trial court entered the judgment on August 9, 2012, but on January 17, 2013, the State obtained a probation revocation warrant that alleged that the defendant had incurred new criminal charges, that he had failed to report his arrest to his probation officer, that he had failed to provide proof of lawful employment, that he had failed to report for probation, that his whereabouts were unknown, and that he had failed to pay his probation fees. Following a hearing, the trial court revoked the defendant's probation and ordered him to serve his sentence in confinement. In his timely appeal, the defendant claims that the trial court erred by revoking his probation and ordering him into confinement. Because the record supports the trial court's order, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Richard Kenneth Mabee (on appeal) and Blake Murchison (at trial), Assistant District Public Defenders, for the appellant, Tavaruus Montrel Moss.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; William H. Cox, III, District Attorney General; and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

At the July 22, 2013 revocation hearing, Christina Barnes, the defendant's probation officer, testified that she filed a probation violation report on January 13, 2013, just five months after the defendant was sentenced in the underlying case. Ms. Barnes testified that the defendant's violations included, among others, new criminal charges and absconding from supervision, having last reported to the probation office in September 2012. The defendant also failed to report to Ms. Barnes that he had been arrested in September 2012, as required on his monthly probation reporting form. Ms. Barnes testified that, although the defendant did provide a list of establishments to which he had submitted applications for employment, she was never able to verify that the defendant was, in fact, gainfully employed. In December 2012, Ms. Barnes mailed a letter to the defendant's mother's residence, which was the defendant's last known address, instructing the defendant to report to his probation officer, but the defendant did not comply with this instruction, and Ms. Barnes's telephone calls to the defendant's mother's house went unanswered.

On cross-examination, Ms. Barnes confirmed that the defendant's new criminal charges included driving on a suspended license and failure to appear. Ms. Barnes acknowledged that the new charges did not involve violence or firearms.

The defendant testified that his underlying conviction of facilitation of aggravated robbery was his only felony conviction. The defendant explained that, in September 2012, he was "caught driving" without a license, and he received a citation to turn himself in, with which he complied. He was given a court date, but he "forgot" to go to court. He initially explained that he did not mention the arrest to his probation officer because he "figured it would violate [his] probation," but he later stated that, because he had never been on state probation before and was unfamiliar with its terms, he failed to report because he "thought [he] was going to do time and a little more time than [he] initially wanted to do." The defendant testified that, while he was on probation, he was living with his mother and that he was employed with a fast-food restaurant as a shift leader.

On cross-examination, the defendant admitted that he had been on misdemeanor probation in the past for drug charges. With respect to the underlying conviction of facilitation of aggravated robbery, the defendant was asked about a text message he sent to the victim in which he indicated that he knew who had assaulted the victim. When asked the name of the person who had struck the victim, the defendant responded that he had "no idea," even though he had pleaded guilty to driving the getaway car.

The trial court determined that the defendant violated his probation "by

absconding from probation, picking up new convictions, not showing proof of employment, failing or falsely checking the box . . . about being arrested." The trial court went on to state that "to top it all off, he's apparently withholding information about who committed this aggravated robbery." The trial court revoked the defendant's probation and ordered his sentence into execution, with credit for time served.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the trial court determined that the State established by a preponderance of the evidence multiple violations of the terms of probation, and the record supports these determinations. Therefore, revocation of probation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE